CHRISTOPHER A. BERGEN, trustee,

*v.*

THE PORPOISE FISHING COMPANY et al.

A corporation, colorably organized under the statute, transacted business and incurred debts, on which judgments were recovered. After incurring those debts the corporation perfected its legal organization, and then gave certain mortgages on its property.—*Held,* that the judgments were entitled to preference in payment over the mortgages.

*Messrs. Bergen & Bergen,* for complainant.

*Mr. J. W. Wescott* and *Mr. Jonas Miller,* for defendants Cook & Miller.

BIRD, V. C.

This bill is filed to foreclose two mortgages given by the defendant company to the complainant, as trustee of the bond-holders, whose bonds the said mortgages were intended to secure —the one on the real estate, the other on the personal estate of the company. The defendants Cook & Miller had claims against the company on which they recovered judgments, sold certain articles of the personal property, purchased some articles themselves, and removed them. By the bill, such a case was made as justified the court in issuing an injunction restraining Cook & Miller from in anywise disposing of the said goods. Cook & Miller answered the bill, alleging that the making of the said bonds and mortgages was fraudulent as to existing creditors, and insisting, as to them, the bill should be dismissed.

The testimony discloses that in February, 1884, certain persons undertook to establish a company by the name of "The Porpoise Fishing Company." They filed a certificate according to law, but took no other steps towards an organization until the 15th of September following—in the mean time, carrying on business in the name of the company, and creating an indebtedness amounting to several thousands of dollars beyond any cash on hand to discharge. A short time prior to September 15th, an effort was made to raise money by assessing at        per share the stock which had been issued, amounting in all to about four thousand shares, but which had not been paid for to any considerable extent. The effort to raise money by assessing this stock entirely failed.

On September 15th, 1884, the company, for the first time, endeavored to organize and to bring itself, as a corporation, within the purview of the law. On the same day the stockholders, by resolution, authorized the board of directors to borrow $3,000, and to secure the same by bonds and mortgages on the real and personal property of the company, which resolution the board of directors resolved to execute. The bonds and mortgages named in the bill were executed, and delivered accordingly.

There is no doubt but that, on the 15th of September and also on the 1st day of October, when the bonds and mortgages

were executed, the company was largely insolvent. Its indebtedness was created before it was organized, but, in equity, its creditors should not suffer from such an irregularity. Having carried on business and held itself out to the world as a corporation, and having afterwards completed its organization according to law, the assets of such organization should be made liable for its debts, though created previously to the completion of such organization.

The judgments of the defendants Cook & Miller were founded on claims created prior to the execution of the mortgages. The question is whether these judgments are preferred in the law to the mortgages named in the bill. As has been said, the defendants Cook & Miller insist that the mortgages must stand aside until their judgments are paid. I think, to the extent that these judgments and levies are liens, or to the extent of the sales made by virtue thereof, they are entitled to priority over said mortgages; beyond this I cannot advise. I cannot declare the corporation insolvent, because this court has no authority for that purpose, except by proceedings under the statute; and the pleadings present no case within the act. I can only take advantage of the fact of insolvency in aiding the defendants Cook & Miller in their resistance to the complainant. The defendants only answer and make proof; they do not come in either by bill or cross-bill.

As intimated, I think their defence is effectual. Look at the facts: the members of the corporation were, before its organization, neither more nor less than members of a co-partnership or joint stock concern, each individually liable for the whole indebtedness of the firm; while in this plight creating the indebtedness in favor of the defendants Cook & Miller, as well as of many others; to pay which, and to escape such liability, they organize according to law; and, on the same day that they so organize, resolve to issue the bonds in question, and to secure them by the mortgages now being foreclosed. These bonds were all taken by the directors and stockholders except three; these three were delivered to one of the creditors in satisfaction of his demands.

I need not adjudge that the company intended to commit a fraud by thus conveying and covering up all their property at the very instant of its organization, and at a time when they knew it was unable to discharge all its liabilities. It is enough to know that if the company believed the method adopted was ever so wise or business-like, it was unlawful. It delayed and hindered creditors; as much so, to all intents and purposes, as any case of a similar nature to be found in the books. It was not an assignment for the benefit of creditors under the statute; it was, in reality, an assignment, by way of mortgage, of the assets of the corporation to the members thereof by way of protection from individual liability to pay the debts of the concern under which they had attempted to manage the business, or from such liability to pay for the stock which had been issued in the name of the corporation, and at that time (September 15th, 1884) valid by relation, and which they then held.

I think the foregoing views are sustained by the cases of *Owen* v. *Arvis, 2 Dutch. 22; National Bank of the Metropolis* v. *Sprague, 6 C. E. Gr. 458, 530;* and *Livermore* v. *McNair, 7 Stew. Eq. 478.*

As to Cook & Miller, the bill should be dismissed, with costs.